IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Christopher Young, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:15-cv-3865-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PMAC Lending Services, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant PMAC Lending Services' ("PMAC") Motion to Dismiss or Transfer based on 28 U.S.C. §§ 1404 and 1406 and Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 5). For the reasons set forth herein, the Court grants PMAC's request to transfer and does not reach its request to dismiss.

## BACKGROUND AND PROCEDURAL HISTORY

This is a breach of contract action involving two promissory notes that PMAC executed in favor Plaintiff Christopher Young. In his complaint, Young asserts PMAC breached the notes by failing to timely pay him the amount due under each note.

Young filed suit in South Carolina state court. PMAC removed the case to this Court and then filed the instant motion. PMAC's motion is based on the following forum-selection clause, which is part of each of the two notes:

> 7. **Governing Law and Venue**. This Note shall be governed by, interpreted under and construed in accordance with the laws of the State of California without giving effect to any choice or conflict of law provision or rule (whether of the State of California or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of California applicable to contracts made and to be performed therein. In the event that it is necessary to institute any action to enforce any right granted herein or to redress any alleged breach hereof, then the exclusive venue for such action shall reside with the

applicable court located in Belleville or the closest city thereto within the State of California.

(Compl., Exhs. A & B, Promissory Notes, ECF 1-1.) Young has filed a Response in opposition, claiming the clauses are unenforceable because they designate an illusory forum. PMAC has filed a Reply to that response. This matter is now ripe for adjudication.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action . . . to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).[1] Generally speaking, a district court decides a motion to transfer under § 1404(a) by evaluating factors that relate to "the convenience of the parties and various public-interest considerations" and determining "whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Constr. Co. v. U.S. Dist. Court W. Dist. Tex.*, 134 S. Ct. 568, 581 (2013) (quoting § 1404(a)); *see also id.* at 581 n.6 (listing the factors typically considered). When a § 1404(a) motion is based on a forum-selection clause, that clause can be "'a significant factor that figures centrally in the district court's calculus.'" *Id.* at 579 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Of course, the clause can play that central role only if it is enforceable. *Id.* at 581 & n.5 (stating that "when the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause," but stressing that this rule "presupposes a contractually valid forum-selection clause"). Accordingly, where, as here, the proponent of a transfer invokes a forum-selection clause and the opponent

---

1. Although PMAC states that its motion is also based on § 1406 and Rule 12(b)(6), the Court need not analyze the motion under either of those authorities because, as discussed herein, transfer under § 1404(a) is appropriate. *Cf. Generation Cos. v. Holiday Hosp. Franchising, LLC*, No. 5:15-CV-220-FL, 2015 WL 7306448, at *10 (E.D.N.C. Nov. 19, 2015) (transferring case to another district and leaving resolution of defendant's alternative Rule 12(b)(6) motion for the transferee court).

2

challenges the clause's validity, a district court should first address whether the clause is enforceable and then conduct the balancing analysis, giving the clause a level of consideration consistent with its enforceability. *See Vulcan Capital Corp. v. Miller Energy Res., Inc.*, No. 13-CV-8751 (AJN), 2014 WL 4384159, at *2 (S.D.N.Y. Sept. 4, 2014) ("When assessing a motion to transfer on the basis of a forum-selection clause, a court must first determine whether the forum-selection clause is valid and enforceable.").

In deciding a § 1404(a) motion based on a forum-selection clause, a district court applies federal law. *See Stewart Org.*, 487 U.S. at 32 ("[F]ederal law . . . governs the District Court's decision whether to give effect to the parties' forum-selection clause. . . ."). It may consider evidence outside the pleadings, provided that it views all facts in the light most favoring the party opposing transfer. *Mitchell v. Norfolk S. Ry. Co.*, No. 2:15CV00002, 2015 WL 5285827, at *1 n.2 (W.D. Va. Sept. 8, 2015) ("When reviewing a motion to transfer under § 1404(a), the court may consider evidence outside the pleadings, 'but must view all facts in the light most favorable to the party opposing [the] transfer.'" (quoting *Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc.*, No. 09-1036, 2010 WL 170403, at *2 (W.D. Pa. Jan. 14, 2010))).

## DISCUSSION

### I. Whether the Notes' Forum-Selection Clauses Are Valid

Young's sole argument in opposition to PMAC's motion is that under *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1 (1972) ("*The Bremen*"), the notes' forum-selection clauses are unreasonable and thus unenforceable. *See Bryant Elec. Co. v. City of Fredericksburg*, 762 F.2d 1192, 1196 (4th Cir. 1985) (stating that *The Bremen*, an admiralty case, applies in diversity cases). Forum-selection clauses are presumptively valid. *The Bremen*, 407 U.S. at 15. A party challenging the enforceability of a forum-selection clause has a "heavy burden of proof," *id.* at

17, to "clearly show that enforcement would be unreasonable and unjust," *id.* at 15. Under *The Bremen*, a forum-selection clause may be found unreasonable if:

> (1) [its] formation was induced by fraud or over-reaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) [its] enforcement would contravene a strong public policy of the forum state.

*Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 651 (4th Cir. 2010) (quoting *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996)).

Without explicitly referring to any of the above four factors, Young contends the clauses are unenforceable because they require the parties to litigate in a nonexistent forum. Specifically, he asserts that Belleville, California does not have a court, let alone an "applicable court." Young appears to be correct, as there is no Belleville, California—at least not anymore.[2]

In 1860, prospector William Holcomb discovered gold in a valley within California's San Bernardino Mountains. Peter Massey & Jeanne Wilson, *Backcountry Adventures, Southern California* 25 (3d ed. 2006). Word of the discovery spread quickly, and soon others seeking to strike gold poured into the valley. *Id.* Prospectors formed a community and named it after Belle Van Dusen, the first baby born in the new town. *Id.* At its peak, Belleville boasted roughly 1,500 residents. *Id.* It also had some of the stereotypical trappings of gold-rush towns, including a saloon and a reputation for violence. *Id.* Although citizens employed a tall juniper tree and some rope as a makeshift justice system for murderers, *id.*, it is unclear whether Belleville had any state-sanctioned courts for resolving civil disputes.

---

2. Young supports his contention that Belleville has no courts with three Internet sources: two Wikipedia articles about Belleville and San Bernardino County, and a list of towns in the county from San Bernardino County's Web site. These materials appear to support Young's argument. Instead of providing any evidence that Belleville is a real town with a court system, PMAC contends Young's Wikipedia articles are unreliable because Wikipedia content is generated largely by amateur users, and anyone can edit the content. To allay PMAC's concerns about the use of potentially unreliable sources, the Court has instead consulted printed publications on the history of Belleville.

4

Despite some initial successes, the quest for gold in Belleville quite literally did not pan out. Massey & Wilson, *supra*, at 26. Only a handful of residents remained by 1880, *id.*, and the town was completely abandoned by the middle of the Twentieth Century, *see* Philip Varney, *Southern California's Best Ghost Towns: A Practical Guide* 83 (1st paperback ed. 1994). Uninhabited for decades, the site of former Belleville is now part of the San Bernardino National Forest. *See* Massey & Wilson, *supra*, at 333.

Calling present-day Belleville a ghost town would be generous. The site of the former town consists of one tiny cabin surrounded by a fence and an otherwise empty field:[3]



It does not appear that a court system currently operates in the cabin. The juniper tree used for hangings still stands, but the Court assumes that Young and PMAC did not have that in mind as "the applicable court" for resolving their contractual dispute.

PMAC executed the two promissory notes in 2014. Clearly, at that time there was no court in the place formerly known as Belleville, let alone one that would be "the applicable

---

3.   The below photograph, titled "Belleville Cabin, Holcomb Valley" was uploaded to http://www.panoramio.com by user GlowSiess in August 2011. *See* https://ssl.panoramio.com/photo/57460832 (last visited Dec. 1, 2015).

court" to resolve the dispute in this case. This Court and others have had no difficulty holding that forum-selection clauses requiring litigation in non-existent forums are unenforceable. *See, e.g.*, *Inetianbor v. CashCall, Inc.*, 768 F.3d 1346, 1353–54 (11th Cir. 2014) (holding arbitration clause designating Native American tribe as exclusive arbitral forum was unenforceable because tribe did not have an available arbitration system); *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 776 (7th Cir. 2014) (same, but relying explicitly on *The Bremen*); *Kemper Mort., Inc. v. Russell*, No. 3:06-CV-042, 2006 WL 355613, at *3 (S.D. Ohio Feb. 16, 2006) (holding clause designating non-existent court as exclusive forum was ineffective because it "clearly demand[ed] an impossibility"); *ORI, Inc. v. Lanewala*, No. 99-2402-JWL, 1999 WL 1423068, at *1–2 (D. Kan. Nov. 30, 1999) (holding forum-selection clause designating court that clearly lacked jurisdiction over dispute was unenforceable); *Nat'l Material Trading v. M/V Kaptan Cebi*, No. 2:95-cv-3673-23, 1997 WL 915000, at *6 (D.S.C. Mar. 13, 1997) (declining to enforce arbitration clause that designated a non-existent arbitral forum); *BP Marine Ams. v. Geostar Shipping Co. N.V.*, No. 94-2118, 1995 WL 131056, at *4–5 (E.D. La. Mar. 22, 1995) (refusing to enforce clause designating the non-existent "High Court in New York" as the exclusive forum).

Nevertheless, the designation of a non-existent forum does not invalidate the forum-selection clauses in these cases. Apparently recognizing that someone would eventually uncover the farce of designating a remote, abandoned field as the exclusive forum, the notes provide for an alternate forum: "the applicable court located in . . . the closest city [to Belleville] within the State of California." (Compl., Exhs. A & B, Promissory Notes, ECF 1-1.) As discussed below, the fact that the clauses do not identify a particular court by name does not render the clauses invalid. Because the clauses provide for an existing and reasonably identifiable alternate forum,

6

the clauses are still presumptively valid, despite their preposterous designation of Belleville as the primary litigation forum.

Young contends this provision for an alternate forum is invalid. His theory is that because Belleville is not an existing municipality, there is no "mechanism to determine" what California city is closest to it. (Pl.'s Opp. Def.'s Mot. Dismiss or Transfer, ECF No. 6, at 4.) The Court disagrees. Decades have passed since Belleville existed, but there is no dispute about *where* it existed. Indeed, an article about Belleville that Young cites in his opposition brief contains precise latitude and longitude coordinates for Belleville. One can simply measure the distances between those coordinates and the nearest boundaries of surrounding towns. The fact the clauses require measurement of distances and research into available courts does not invalidate them. *See, e.g.*, *Skillnet Sols., Inc. v. Entm't Publ'ns, LLC*, No. C 11-4865 PSG, 2012 WL 692412, at *6 (N.D. Cal. Mar. 2, 2012) (enforcing forum-selection clause that limited parties' available courts to the "federal and state courts located in or nearest to Oakland County, Michigan"); *CK DFW Partners Ltd. v. City Kitchens, Inc.*, No. CIV.A.3:06-CV-1598-D, 2007 WL 2381259, at *8–9 (N.D. Tex. Aug. 17, 2007) (enforcing forum-selection clause requiring litigation to take place "in the Superior Court of California located closest to [one party]'s headquarters"). The Court concludes Young has failed to meet his burden of proving the notes' forum-selection clauses are invalid under *The Bremen*.

**II.    Whether the Case Should be Transferred Pursuant to § 1404(a)**

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co.*, 134 S. Ct. at 581. Here, however, the validity of the notes' forum-selection clauses displaces most of that analysis. *See id.* at 582 (stating that

when a § 1404(a) motion involves a valid forum-selection clause, the district court "must deem the private-interest factors to weigh entirely in favor of the preselected forum").  Young bears the burden of establishing that transferring this case to the agreed-upon forum is unwarranted, *see id.* at 581, and this Court can consider only arguments from Young that relate to public-interest concerns, *see id.* at 582.  However, Young has not asserted any such arguments, and this Court declines to search for reasons not to transfer the case.  Thus, the Court finds it appropriate to transfer this case under § 1404(a).

That raises the question of what court should receive the case.  PMAC suggests the case should be transferred to the United States District Court for the Central District of California's Eastern Division courthouse in Riverside, California.  PMAC does not explain why that court is "the applicable court located in . . . the closest city [to Belleville] within the State of California," but Young has not challenged PMAC's assertion.  Based on the combination of PMAC's assertion and Young's silence in response, the Court finds the parties intended that the federal district court in Riverside would be the exclusive forum for their dispute.

## CONCLUSION

Therefore, for the foregoing reasons, it is **ORDERED** that PMAC Lending Services' Motion to Transfer is **GRANTED IN PART**, in that this case shall be transferred to the Eastern Division of the United States District Court for the Central District of California.  The remainder of the Motion is **DENIED** without prejudice.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**December 2, 2015**
**Charleston, South Carolina**

8